**UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| David Silvia,                         : | Civil Action No.: <u>1:14-cv-13259</u> |
|             Plaintiff,      : | |
| v.                          : | |
|                          : | |
| Synchrony Bank; and DOES 1-10, inclusive, : | **COMPLAINT** |
|           Defendants.     : | |
|                          : | |

For this Complaint, the Plaintiff, David Silvia, by undersigned counsel, states as follows:

## JURISDICTION

1.      This action arises out of Defendants' repeated violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, et. seq. (the "TCPA").

2.      Supplemental jurisdiction exists pursuant to 28 U.S.C. § 1367.

3.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b), in that the Defendants transact business in this District and a substantial portion of the acts giving rise to this action occurred in this District.

## PARTIES

4.      Plaintiff, David Silvia (hereafter "Plaintiff"), is an adult individual whose residence is in Warren, Rhode Island, and is a "person" as defined by 47 U.S.C.A. § 153(39).

5.      The Defendant, Synchrony Bank, ("Synchrony"), is an Ohio business entity with a principal place of business at 950 Forrer Boulevard, Kettering, Ohio 45420, and is a "person" as defined by 47 U.S.C.A. § 153(39).  Synchrony does business in the Commonwealth of Massachusetts and is subject to general personal jurisdiction in Massachusetts.

6.      Does 1-10 (the "Agents") are individual employees and/or agents employed by Synchrony and whose identities are currently unknown to the Plaintiff.  One or more of the Agents may be joined as parties once their identities are disclosed through discovery.

7.      Synchrony at all times acted by and through one or more of the Agents.

## FACTS

8.      Beginning in January, 2014, Synchrony contacted Plaintiff in an attempt to collect the Debt on Plaintiff's cellular telephone, number 401-xxx-7938.

9.      At all times mentioned herein, Synchrony placed calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS" or "predictive dialer") and/or by using an artificial or prerecorded voice.

10.      When Plaintiff answered the calls from Synchrony, he would hear approximately five seconds of silence, followed by being connected to a live agent.

11.      Upon information and belief, Plaintiff never provided Synchrony with his cellular phone number, and never provided Synchrony with express consent to place calls to his cellular phone.

12.      Furthermore, during a conversation with an agent which took place in February, 2014, Plaintiff requested from the Agent that Synchrony cease calling his cellular phone.

13.      Despite Plaintiff's request, Synchrony continued to harass Plaintiff with over twenty additional calls. The persistent calls from Synchrony caused Plaintiff significant inconvenience.

## COUNT I
## VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT –
## 47 U.S.C. § 227, et seq.

14.     The Plaintiff incorporates by reference all of the above paragraphs of this

Complaint as though fully stated herein.

15.     At all times mentioned herein and within the last four years, Defendants called

Plaintiff on his cellular telephone using an automatic telephone dialing system ("ATDS" or

"Predictive Dialer") and/or by using a prerecorded or artificial voice.

16.     In expanding on the prohibitions of the TCPA, the Federal Communications

Commission (FCC) defines a Predictive Dialer as "a dialing system that automatically dials

consumers' telephone numbers in a manner that "predicts" the time when a consumer will

answer the phone and a [representative] will be available to take the call…"2003 TCPA Order,

18 FCC 36 Rcd 14022. The FCC explains that if a representative in not "free to take a call that

has been placed by a predictive dialer, the consumer answers the phone only to hear 'dead air' or

a dial tone, causing frustration."  Id. In addition, the TCPA places prohibitions on companies that

"abandon" calls by setting "the predictive dialers to ring for a very short period of time before

disconnecting the call; in such cases, the predictive dialer does not record the call as having been

abandoned."  Id.

17.     Defendants' telephone systems have some of the earmarks of a Predictive Dialer.

Often times when Plaintiff answered the phone, he was met with a period of silence before

Defendants' telephone system would connect him to the next available representative.

18.     Upon information and belief, Defendants' Predictive Dialers have the capacity to

store or produce telephone numbers to be called, using a random or sequential number generator.

19.     Plaintiff never provided his cellular telephone to Defendants and never provided his consent to be contacted on his cellular telephone, and in fact instructed Defendants to stop all calls to him.

20.     The calls from Defendants to Plaintiff were not placed for "emergency purposes" as defined by 47 U.S.C. § 227(b)(1)(A)(i).

21.     Each of the aforementioned calls made by Defendants constitutes a violation of the TCPA.

22.     As a result of each of Defendants' negligent violations of the TCPA, Plaintiff is entitled to an award of $500.00 in statutory damages for each call placed in violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B).

23.     As a result of each of Defendants' knowing and/or willful violations of the TCPA, Plaintiff is entitled to an award of treble damages in an amount up to $1,500.00 for each and every violation of the TCPA pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

## PRAYER FOR RELIEF

**WHEREFORE**, the Plaintiff prays that judgment be entered against Defendants:

A.  Statutory damages of $500.00 for each violation determined to be negligent pursuant to 47 U.S.C. § 227(b)(3)(B);

B.  Treble damages for each violation determined to be willful and/or knowing pursuant to 47 U.S.C. § 227(b)(3)(C);

C.  Such other and further relief as may be just and proper.

## TRIAL BY JURY DEMANDED ON ALL COUNTS

Dated: August 6, 2014

Respectfully submitted,

4

By    /s/ Sergei Lemberg        

Sergei Lemberg (BBO# 650671)
LEMBERG LAW, L.L.C.
1100 Summer Street, 3rd Floor
Stamford, CT 06905
Telephone: (203) 653-2250
Facsimile:  (203) 653-3424
Attorneys for Plaintiff